# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL GAMBOA TAYLOR, | No. 4:04-CV-00553 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| JOHN WETZEL, Secretary, Pennsylvania Department of Corrections; LOUIS FOLINO, Superintendent of the State Correctional Institution at Greene; and MARIROSA LAMAS, Superintendent of the State Correctional Institution at Rockview, | THIS IS A CAPITAL CASE |
| Respondents. | |

## AMENDED ORDER

### SEPTEMBER 18, 2025

On March 9, 1999, the Court denied Petitioner Paul Gamboa Taylor's

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he

argued, among other claims, that his trial counsel was ineffective for failing to

present certain evidence of his alleged incompetency.[1]  The Court did not hold an

evidentiary hearing on that claim because it initially deemed it procedurally

defaulted.[2]  Although the Court later vacated its procedural default ruling, its

---

[1]  *See Taylor v. Horn*. No. 4:98-CV-01465-MWB, Doc. 14; Doc. 59-2 at 26–28.
[2]  *Taylor v. Horn*, No. 4:98-CV-01465-MWB, Doc. 59-2 at 27.

merits ruling was equally unsupported by an evidentiary hearing.[3]  On September 20, 2007, the United States Court of Appeals for the Third Circuit affirmed the Court's denial of relief and concluded that the Court had not erred in declining to allow Taylor an evidentiary hearing related to his competency because he had already been allowed a hearing before the first PCRA court.[4]

On March 21, 2013, Taylor moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).[5]  In his motion, Taylor argued that the United States Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), constituted "extraordinary circumstances" that required his case be re-opened and the Court to "reconsider its rulings regarding the claim that trial counsel was ineffective."[6]  *Martinez* allows a petitioner in federal court to present a procedurally defaulted claim of trial counsel ineffectiveness where he can show that procedural default was caused by post-conviction conviction ineffectiveness.[7]  Taylor argued that *Martinez* rendered erroneous the Third Circuit's conclusion that his trial counsel ineffectiveness claim failed for a lack of evidence because the lack of evidence was caused by his post-conviction counsel's ineffectiveness.[8]

---

[3]   *See* Doc. 3 at 33–34.
[4]   *Taylor v. Horn*, 504 F.3d 416, 439 n.19 (3d. Cir. 2007).
[5]   Doc. 13.
[6]   *Id.* at 2–3.
[7]   504 U.S. at 14.
[8]   *See* Doc. 16.

On October 15, 2014, the Court denied Taylor's Rule 60(b)(6) motion.[9]  The Court recognized that, to the extent Taylor sought substantive reconsideration of the prior denial of his ineffective assistance of counsel claim on the merit, his request was barred as an improper second or successive habeas petition. [10] Despite this acknowledgment, the Court still analyzed the substance of Taylor's motion because he argued that his motion was only intended to challenge the Third Circuit's procedural ruling that he had "failed to develop" evidence in state court.[11] Although the Court ultimately denied Taylor's motion, its analysis intermingled consideration of Taylor's procedurally improper ineffective assistance of counsel reconsideration claim with consideration of his procedurally proper evidentiary reconsideration claim.[12]

On review, the Third Circuit interpreted Taylor's Rule 60(b)(6) motion to have consisted of two distinct parts: (1) a request to relitigate his trial counsel ineffectiveness claim; and (2) a challenge to the Court's failure to conduct an evidentiary hearing.[13]  Though the Third Circuit affirmed the Court's denial of Taylor's motion as it related to his evidentiary claim, it vacated in part and remanded for the Court "to dismiss Taylor's Rule 60(b)(6) motion to the extent he

---

[9]   Doc. 41; Doc. 42.
[10]  *See* Doc. 41 at 14–15 (acknowledging *Gonzalez v. Crosby*, 545 U.S. 524 (2005), bars "second or successive habeas petitions disguised as Rule 60(b) motions[.]").
[11]  *Id.* at 16–18.
[12]  *See* Doc. 41 at 15–34; Doc. 42.
[13]  *Taylor v. Comm'r of Pa. Dep't of Corrs.*, No. 14-9004, 2025 WL 2328349, at *3–*4 (3d. Cir. Aug. 13, 2025).

challenged the ruling on his trial counsel's ineffectiveness claims on the merits, as that constitutes a second or successive petition that he did not receive permission to file under 28 U.S.C. § 2244(b)(2)."[14]  The Court now acts in compliance with the Third Circuit's mandate.[15]

   **AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1.    The Court's October 14, 2014, Order (Doc. 42) is **AMENDED** to reflect that Petitioner Paul Gamboa Taylor's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6) (Doc. 13) is **DENIED** for the reasons explained by the United States Court of Appeals for the Third Circuit in *Taylor v. Comm'r of Pa. Dep't of Corrs.*, No. 14-9004, 2025 WL 2328349 (3d. Cir. Aug. 13, 2025), as well as for the specific reason that, to the extent Taylor challenges the Court's earlier ruling on his trial counsel's ineffectiveness claims on the merits, that challenge constitutes an improper second or successive petition under 28 U.S.C. § 2244(b)(2).

2.    The Clerk is **ORDERED** to **CLOSE** this case.

---

[14]  *Id.* at *7.
[15]  Doc. 46.

3.    There is no basis for the issuance of a certificate of appealability.  *See*

28 U.S.C. § 2253(c).

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge